UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ZELHOFER, | No. 2:16-cv-00773 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| METROPOLITAN LIFE INSURANCE COMPANY and TECHNICOLOR USA INC., | |
| Defendants. | |

Plaintiff brings a complaint in pro se against his former employer, Technicolor USA, Inc. ("Technicolor") and Metropolitan Life Insurance Co. ("MetLife") for breach of contract and breach of fiduciary duty arising from the denial of long term disability benefits. This matter was referred to the undersigned by Eastern District of California Local Rule 302(c)(21). Several motions came before the undersigned for hearing on July 27, 2016. Plaintiff appeared at the hearing in pro se, and defendants were represented by attorney Robert E. Hess. The following were argued and submitted for decision: (1) Defendants' Motion to Dismiss and to Strike, ECF No. 10; (2) Plaintiff's Motion to Remand, ECF No. 12; (3) Plaintiff's Motion to Amend his Complaint, ECF No. 15; and (4) Plaintiff's Motion for Summary Adjudication, ECF No. 30.

////

////

1

I. BACKGROUND

Technicolor's predecessor company, Thomson Inc., created a Disability Plan for its employees on or about January 1, 2008. The Plan was funded through insurance with MetLife. ECF Nos. 10-2, 10-3 at 4. Technicolor is the Plan administrator and MetLife is the Claim administrator. ECF 10-3 at 4.

Plaintiff alleges that he suffered from a serious heart disease that required him to undergo two consecutive bypass and stent surgeries in September and October 2009, when he was an employee covered by the Plan. ECF No. 1-1 at 20-26. Plaintiff was subsequently found by his psychologist to suffer from a secondary mental disorder of severe depression, anxiety and hopelessness with suicidal thoughts while attempting to rehabilitate from the surgeries and their side effects. ECF 1-3 at 12:3-11. He was afforded disability benefits by defendants on March 27, 2010, and was paid $5,336.72 per month, id. at 11:20-27, for approximately two years. In March of 2012, plaintiff attempted to enroll in the Plan's "Return to Work" program, and was told that he was being terminated because benefits related to mental illness were limited to a two-year period. ECF No. 1-2 at 10-12.

Plaintiff's complaint was filed in Nevada County Superior Court on March 7, 2016. ECF 1-1 at 3. Defendants removed the action to federal court on April 15, 2016. ECF No. 1. Insofar as the court has concluded for the reasons which follow that the Disability Plan at issue is indeed governed by ERISA, jurisdiction is established under 28 U.S.C. § 1331.

II. ERISA PRINCIPLES AND REMOVAL JURISDICTION

The Employee Retirement Income Security Act (ERISA) was enacted to provide a uniform regulatory regime over employee benefit plans and, in order to assure success in that effort, it includes "expansive preemption provisions ... which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Aetna Health. Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting Pilot Life Ins. Co. v. Deadeaux, 482 U.S 41 (1987)). "Therefore, any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Aetna, 542 U.S. at 209.

The criteria for establishing that a disability plan is ERISA regulated are: (1) a plan, fund or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing benefits; (5) to its employees. 29 U.S.C. § 1002(2)(A); Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489, 492 (9th Cir. 1988). Criterion (1) "implies the existence of intended benefits, intended beneficiaries, a source of funding, and a procedure to apply for and collect benefits." Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982). The Plan at issue here meets all these criteria. The Plan was instituted by Thompson Inc. for the benefit of its employees and was designed to provide them with benefits when they suffered a disability that precluded them from working. Plaintiff argues that this is not an ERISA controlled plan since it is funded solely by insurance. But, as the Ninth Circuit has determined, "[a]n employer . . . can establish an ERISA plan rather easily. Even if an employer does no more than arrange for a 'group-type insurance program,' it can establish an ERISA plan, unless it is a mere advisor who makes no contributions on behalf of its employees." Credit Managers Ass'n of So. Cal. v. Kennesaw Life and Accident Ins. Co., 809 F.2d 617, 625 (9th Cir. 1986).

The Plan here meets all of the ERISA criteria. Because plaintiff's complaint seeks relief from an ERISA regulated Plan, the federal courts have exclusive jurisdiction over this dispute and removal was proper. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009). Plaintiff's framing of his claims in state law terms (breach of contract and breach of fiduciary duty) does not defeat removal, because those claims are preempted by ERISA. Id. Accordingly, plaintiff's Motion to Remand will be denied.

III.   THE MOTION TO DISMISS

A.   Standards Under Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

////

In reviewing a Rule 12(b)(6) motion, the Court will only ascertain whether the nonmoving party has sufficiently alleged claims that would entitle him or her to relief. Jackson v. Carey, 353 F.3d 750, 756 (9th Cir. 2003). In doing so, the Court assumes the truth of all factual allegations and construes factual allegations in the light most favorable to the nonmoving party. See Gompper v. VISX. Inc., 298 F.3d 893, 895 (9th Cir. 2002). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), and resolve all doubts in the plaintiffs' favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). "Pro se complaints are construed 'liberally' and may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)). However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

### B. The Statute of Limitations

The dispositive issue presented by defendants' Motion to Dismiss is whether plaintiff's ERISA claims were filed too late and are therefore barred by the statute of limitations. As a general principal, a "claim accrues – and the statute of limitations clock starts running – 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); see also Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008), cert. denied, 556 U.S. 1183 (2009).

ERISA specifies that:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty or obligation under this part, or with respect to a violation of this part, after the earlier of –
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113(a).[1]

---

[1] The Plan itself states a similar limitation: "**Time Limit on Legal Actions**. A legal action on a claim may only be brought against US during a certain period. This period begins 60 days after the date Proof is filed and ends 3 years after the date such Proof is required." ECF 10-3 at 45.

5

The Ninth Circuit has held in the ERISA context that the statute of limitations is triggered by a claimant's knowledge of the transaction that constituted the alleged violation, not by his knowledge of ERISA. Meagher v. International Assoc. of Machinists & Aerospace Workers, 856 F.2d 1418, 1423 (9th Cir. 1988) (quoting Blanton v. Anzalone, 760 F.2d 989, 992 (9th Cir. 1985)).

### C. Discussion

Here the alleged breach occurred when plaintiff's benefits – and his employment – were terminated on March 22, 2012. ECF No. 1-2 at 9. Because plaintiff was contemporaneously notified of the termination, the three year limitations period prescribed in § 1113(a)(2) applies. Because plaintiff appealed the termination of his benefits, his cause of action did not accrue until the appeal was denied on October 11, 2012. See Heimeshoff v. Hartford Life & Accident Ins. Co., 134 S.Ct. 604, 610 (2013) (because ERISA requires an administrative appeals process, a participant's cause of action does not accrue until the plan issues a final denial). Plaintiff did not file suit within three years of that date, however, but continued to communicate with the Claims Specialist until the "middle of 2014." ECF No. 1-1 at 21, ¶ 30. He waited approximately two years thereafter, well past expiration of the limitations period, before filing his complaint on March 7, 2016.

These facts strongly suggest that the complaint is untimely. Indeed, in the absence of facts which would support a longer limitations period or an exception to the statute of limitations, plaintiff's claims are time-barred. Accordingly, defendant's motion to dismiss the complaint as untimely must be granted. However, there are circumstances which in rare cases can extend the filing period, such as "fraud or concealment" as provided in 29 U.S.C. § 1113. The present complaint does not include allegations which would support such an exception, but plaintiff has implied that such facts may exist. Accordingly, plaintiff will be afforded an opportunity to amend his complaint. See Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other

////

////

facts,' and should be granted more liberally to pro se plaintiffs.").[2]  The court therefore proceeds to inform plaintiff of the pleading requirements and legal principles applicable to an amended complaint in this case.

### IV.     PRINCIPLES RELEVANT TO AMENDMENT

#### A. ERISA Preemption

ERISA provides that a plan participant or beneficiary may sue to recover wrongfully denied benefits.  29 U.S.C. § 1132(a)(1)(B).  A claim brought under this provision is akin to a breach of contact claim, in the specific context of insurance benefits.  Equitable relief is also available to redress violations of ERISA or to enforce its provisions.  § 1132(a)(3).

Plaintiff is advised that state law claims of general application, such as breach of contract, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing, are all preempted by ERISA when asserted in the benefits context.  See Bui v. AT&T, 310 F.3d 1143, 1147-48 (9th Cir. 2002) (ERISA preempts lawsuits challenging administrative decisions, including the denial of benefits).  That means such claims cannot be separately maintained against a Plan or its Claims Administrator, because ERISA provides the exclusive avenue for relief.  Id. at 1148 ("ERSIA precludes state law claims predicated on the denial of benefits.").[3]  Plaintiff would therefore be well advised to frame any claims in an amended complaint as ERISA claims.  If an amended complaint contains putative state law claims predicated on the denial of benefits, those claims will be subject to dismissal with prejudice.

#### B. Statute of Limitations Issues

As currently pled, for the reasons previously explained, plaintiff's claims appear to be time-barred.  Leave to amend has been granted to permit plaintiff to allege facts, if he can truthfully do so, which would support a theory of timeliness.

---

[2] Leave to amend is granted pursuant to these general principles and not pursuant to plaintiff's motion to amend.  Plaintiff is cautioned that some of the amendments he proposes in his motion, ECF No. 15, are inconsistent with the guidance provided above.  By granting leave to amend, the court is not endorsing any particular amendments.  Any amended complaint will be subject to challenge by a motion to dismiss.

[3] Only state laws that specifically regulate insurance or benefits plans, and do not apply more broadly to other kinds of businesses, escape preemption.

### 1. Fraud or Concealment

ERISA provides an extended six-year limitations period in cases of "fraud or concealment." 29 U.S.C. § 1113. For this provision to apply, there must be evidence that the Plan and/or Claims Administrator either attempted to defraud the plaintiff or concealed its fiduciary breach. See Barker v. American Mobil Power Corp., 64 F.3d 1397, 1401 (9th Cir. 1995); see also Kurz v. Philadelphia Elec. Co., 96 F.3d 1544, 1552 (3d Cir. 1996) ("The relevant question is . . . not whether the complaint 'sounds in concealment,' but rather whether there is evidence that the defendant took affirmative steps to hide its breach of fiduciary duty."). "Fraud" involves false statements or misrepresentations, made with knowledge of their falsity and with the intent to wrongfully deprive the plaintiff. See Barker, 64 F.3d at 1401. "Concealment" requires active steps to prevent plaintiff from discovering the violation. Id.

If plaintiff chooses to amend and seeks application of the extended limitations period applicable to fraud and concealment, he must clearly and concisely specify the facts that he believes demonstrate fraud, including knowledge of falsity and intent to defraud, or concealment, including specific and/or affirmative steps taken to hide the alleged breach.

### 2. Estoppel

An ERISA defendant may be "estopped" (barred for equitable reasons) from relying on the statute of limitations when its own conduct caused the late filing. See Heimeshoff, 134 S.Ct. at 615 (recognizing applicability of equitable estoppel to ERISA cases); Lamantia v. Voluntary Plan Administrators, 401 F.3d 1114, 1119 (9th Cir. 2005). Estoppel applies, for example, where the defendant's conduct lulls plaintiff into reasonably believing, during the pendency of a lengthy administrative appeal, that the defendant does not intend to rely on a contractual limitations period which expires due to plaintiff's reliance on defendant's representations. Lamantia, 401 F.3d at 1120-21 (affirming application of estoppel).

### 3. Equitable Tolling

Equitable tolling may extend the limitations period in an ERISA case, where the participant has diligently pursued both internal review and judicial review but was prevented from filing suit within the presumptive limitations period by extraordinary circumstances. Heimeshoff,

134 S.Ct. at 615.  Equitable tolling is different from equitable estoppel in that it need not turn on conduct of the defendant(s).  Tolling does, however, require both (1) "extraordinary circumstances" which prevented timely filing, and (2) diligence on plaintiff's part.  Id.

The equitable tolling inquiry focuses on whether plaintiff's delay in filing is excusable.  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  "'If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period [due to extraordinary circumstances], then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'"  Id. (quoting Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000)).

If applied, equitable tolling stops the running of the limitations period for the time that the extraordinary circumstances existed.  It does not render the statute of limitations inapplicable or guarantee timeliness.

### C.  Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that [plaintiff] is entitled to relief."  Accordingly, an amended complaint should plainly state who harmed the plaintiff, and in what way.  Plaintiff should identify the facts underlying his claims, not just assert legal conclusions.  Facts alleged in an amended complaint "must not be inconsistent with those already alleged."  Lacey v. Maricopa County, 693 F.3d 896, 939 (9th Cir. 2012) (en banc).

An amended complaint must not refer to a prior pleading in order to make the amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).

////

////

V.  **PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION**

Because the complaint will be dismissed with leave to amend, plaintiff's motion for summary adjudication (ECF No. 30) is moot and will be denied. Plaintiff is informed that motions for summary judgment or summary adjudication are ordinarily premature until the point in litigation at which the defendants have answered the complaint and the parties have conducted any necessary discovery.

CONCLUSION

For the reasons explained above, it is hereby ordered as follows:

1. Plaintiff's Motion to Remand, ECF No. 12, is DENIED;
2. Defendants' Motion to Dismiss, ECF No. 10, is GRANTED on statute of limitations grounds. Dismissal is without prejudice and plaintiff is granted LEAVE TO AMEND;
3. Plaintiff's Motion to Amend, ECF No. 15, is DENIED as moot;
4. Plaintiff's Motion for Summary Adjudication, ECF No. 30, is DENIED as moot;
5. Plaintiff shall have 60 days from the date of this Order to file a First Amended Complaint.

**IT IS SO ORDERED**

DATED: August 2, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE