UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ZELHOFER,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY, et al.,<br><br>Defendants. | No. 2:16-cv-0773 TLN AC PS<br><br><br>ORDER |

This matter comes before the court on plaintiff's motions to strike defendants' answer and for default judgment. ECF Nos. 83, 84. Defendants filed oppositions to the motions, ECF Nos. 85, 86, and plaintiff filed amended replies, ECF Nos. 93, 94. After reviewing the briefing, the undersigned determined no hearing was necessary and plaintiff's motions were submitted on the papers. ECF Nos. 92.

## I. MOTION TO STRIKE

Plaintiff seeks to strike defendant's answer or, in the alternative, three of defendants' affirmative defenses. ECF No. 83. Federal Rule of Civil Procedure ("Rule") 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are

1  often used as a delaying tactic." <u>Neilson v. Union Bank of California, N.A.</u>, 290 F.Supp.2d 1101,

2  1152 (C.D. Cal. 2003) (citations omitted).

3        Here, the court finds that defendants' delay in filing the answer does not support striking

4  the pleading as a whole, as plaintiff was not prejudiced.  Furthermore, the court finds that the

5  answer is properly pled and "state[s] in short and plain terms [defendants'] defenses to each claim

6  asserted against [them]."  <u>See</u> Fed. R. Civ. Proc. 8(b).  The answer thus serves its core function of

7  notifying plaintiff of the theories of defense upon which defendants intend to rely.  None of those

8  theories are legally defective.  Any error in the designation of particular defenses as "affirmative"

9  is harmless.  Accordingly, the court does not find the answer is "redundant, immaterial,

10  impertinent, or scandalous."  <u>See</u> Fed. R. Civ. Proc. 12(f).  Plaintiff's motion to strike is therefore

11  denied.

12  II.  MOTION FOR DEFAULT JUDGEMENT

13        Plaintiff also seeks default judgement against defendants based on the untimely filing of

14  defendants' answer.  ECF No. 84 at 2.  However, a party seeking default judgment must first

15  request and obtain entry of default from the Clerk's Office pursuant to Rule 55(a).  Plaintiff did

16  not do so here, and the motion for default judgment is therefore procedurally improper and must

17  be denied.  Moreover, default cannot be had because defendants have filed their answer.  While

18  the answer was late, defendants filed a declaration explaining their delay.  ECF No. 86-1.

19  Accordingly, defendants have answered and have demonstrated their intent to defend against

20  plaintiff's allegations.  Moreover, there does not appear to be any prejudice to plaintiff.  For these

21  reasons, the court will deny the motion for default judgment.  <u>See</u> <u>Hoang Minh Tran v. Gore</u>, No.

22  10cv2457 BTM(WVG), 2012 WL 2501036, at *1, 2012 U.S. Dist. LEXIS 89941, at *3 (S.D. Cal.

23  June 27, 2012) (declining to enter default where defendant filed late answer and there was no

24  prejudice to plaintiff); <u>see also</u> <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d 1183, 1189 (9th

25  Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon

26  their merits whenever reasonably possible.").

27  ////

28  ////

III.  CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion to Strike, ECF No. 83, is DENIED; and

2.  Plaintiff's Motion for Default Judgment, ECF No. 84, is DENIED.

IT IS SO ORDERED.

DATED: June 1, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE