UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ZELHOFER,<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | No. 2:16-cv-0773 TLN AC PS<br><br><br>ORDER |

Pending before the court is plaintiff's motion for leave to conduct discovery in this ERISA action. ECF No. 108. This discovery matter was referred to the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1). Pursuant to the court's amended pretrial scheduling order, this motion was taken under submission following briefing on an expedited schedule. ECF Nos. 103 at 2, 111. Defendants have filed an opposition (ECF No. 112), and plaintiff a reply (ECF No. 113). Having considered the parties' briefing, plaintiff's motion for leave to conduct discovery is DENIED.

"Whether discovery is appropriate in an ERISA case is directly related to the standard of review employed by the Court." Villanueva v. Life Ins. Co. of N. Am., No. 1:12-CV-1263 AWI-BAM, 2013 WL 398878, at *2 (E.D. Cal. Jan. 31, 2013) (internal quotation marks and citation omitted). Defendants contend that the de novo standard of review applies to this action. ECF No.

1

112 at 5. Plaintiff does not contest this. See generally ECF No. 113. Under a de novo standard of review, district courts should consider extrinsic evidence "*only* when circumstances *clearly establish* that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." Opeta v. Nw. Airlines Pension Plan for Contract Employees, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotation marks and citations omitted). "[A] district court should not take additional evidence merely because someone at a later time comes up with new evidence and that in most cases only the evidence that was before the plan administrator at the time of determination should be considered." Id. This is so because if de novo review applies, "the court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits, without reference to whether the administrator operated under a conflict of interest." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006). For that reason, the court considers the evidence in the administrative record. Opeta, 484 F.3d at 1217.

Here, plaintiff seeks discovery outside the administrative record, specifically to supplement and verify the accuracy of the administrative record.[1] ECF Nos. 108 at 4-5; 113 at 4-5. Plaintiff seeks leave to propound requests for production of documents and requests for admissions. Plaintiff's request for production relates to audio recordings of phone conversations between plaintiff and a MetLife agent in March 2012 and "that are admittedly documented in the [administrative record], but by the fact of its nature are not submitted being 'not conduc[]ive to e-filing.'" ECF No. 108 at 4. However, the contents of the audio recordings are unclear. Moreover, plaintiff's request for admissions seek to verify the accuracy of the administrative record by supplementing missing "information on plaintiff's job description," missing "communication[s]" between plaintiff and Metlife agents, and inaccurate "claim activity records" based on the audio recordings. Id. at 4-5. However, plaintiff's contentions that such additional discovery is "relevant information" and "necessary to conduct an adequate review of the benefit decision" is unpersuasive and does not clearly establish that such evidence is necessary. See ECF

---

[1] Plaintiff also requests to extend the time and scope of discovery deadlines. ECF No. 108 at 4. However as the court has previously explained, evidence in ERISA cases are generally limited to the administrative record. The court finds no good cause to extend the discovery deadlines. The court will deny plaintiff's request.

2

No. 113 at 4.  It is unclear how the discovery plaintiff is requesting is necessary in interpreting the terms of the plan or how the administrative record itself is inadequate to conduct a proper de novo review of the case.  On the contrary, the audio recordings plaintiff is primarily seeking to include are in plaintiff's possession, and as plaintiff has stated, are documented in the administrative record.  Accordingly, the court will deny plaintiff's motion.

      For the reasons state above, IT IS HEREBY ORDERED that plaintiff's motion for leave to conduct discovery, ECF No. 108, is DENIED.

DATE: November 6, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE